[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST FOR BOND
In this case, plaintiff, Loube Loube an out-of-state partnership with an as-yet-unsatisfied New York judgment in the CT Page 3817 amount of $142,654.99 against the defendant, a dissolved New York corporation, now seeks to execute on that judgment, which has been filed and became enforceable in Connecticut under General Statutes § 52-604 et seq., the Uniform Enforcement of Foreign Judgments Act, against certain property now held by one William E. Wildin of New Milford. The plaintiff now claims that Mr. Wildin, who was formerly the sole owner, director, officer and employee of the defendant corporation, holds the property in question in constructive trust for it because he received that property — approximately $140,000 in cash and approximately 15 audio/visual image modules — upon dissolving the defendant and distributing its assets without providing for the payment of its valid debts to its creditors.
Having previously applied for and obtained a turnover order against Mr. Wildin under General Statutes § 52-356b, the plaintiff has now made and seeks a hearing on a formal claim for determination of interests in disputed property under General Statutes § 52-356c. Section 52-356c establishes the following relevant procedures for the processing of claims for determination of interests in disputed property:
 (c) On filing of the claim, the clerk of the court shall assign the matter for hearing on a date certain and order that notice of the hearing be served by the claimant on all persons known to claim an interest in the disputed property.
 (d) Pending the hearing on the claim and subject to further order of the court, any property in dispute shall continue to be held by the person then in possession and shall not be transferred to any person who is not a party to the supplemental proceedings. If previously seized by or delivered to a levying officer, the property shall remain in the custody of the levying officer.
 (e) Unless the judgment creditor waives such rights as he may have to execute against the contested property, the claim shall be deemed controverted and the issue shall be joined without further pleading by any party. The court may permit or require such further CT Page 3818 pleadings, amendments and notices and may make such further orders as justice or orderly administration requires. Prior to hearing the claim, the court may in its discretion: (1) require the judgment creditor to post a bond in favor of a third person claimant for any damages which may accrue as a result of the outstanding execution and any subsequent proceedings, (2) on substitution by the third person of a bond as security for the property, allow the third person to obtain release of the property pending determination of the claim, or (3) direct that other known nonexempt property of the judgment debtor first be executed against.
Consistent with these procedures, the clerk of this Court, upon receiving the plaintiff's claim on or about September 25, 1996, set this case down for a formal hearing on October 29, 1996. Before that hearing could be held, however, the respondent, William E. Wildin, moved this Court under Section 52-356c (e)(1) for an order requiring the plaintiff to post a bond in the amount of $150,000 to protect his interests both in this proceeding and in any future proceeding which may be held in connection herewith.
In support of this motion, Mr. Wildin asserts that the statute gives the Court discretion to require the posting of a bond, and that here the Court should exercise its discretion to so order since Mr. Wildin was not a party to the underlying New York action, he possesses no property of the dissolved corporate defendant, but his personal assets will be encumbered by the statutory requirement that they not be transferred until these proceedings are concluded.
The plaintiff opposes the respondent's request for two reasons. First, it argues that since none of the disputed property has been removed from Mr. Wildin's possession, none of it is truly encumbered. Therefore, it concludes Mr. Wildin cannot be damaged in any way that a bond is designed to protect. Second, it claims that the hearing on its claim will fully protect Mr. Wildin's financial interests since it can only result either in Mr. Wildin keeping all his assets or in a court order determining that he is currently holding assets which should be turned over to the plaintiff forthwith. Even, then, if the Court should CT Page 3819 decide in Mr. Wildin's favor, he will assertedly have suffered no harm since he will never have lost the use or enjoyment of any of his property.
The Court agrees with Mr. Wildin that his property is currently encumbered. Whether or not he now possesses any of the audio/visual image modules to which reference is made in the plaintiff's claim, surely any cash he now possesses, in any amount up to $140,000, is encumbered by the statutory requirement that it not be transferred "pending the hearing on the claim and subject to further order of the court[.]" General Statutes §52-356c(d). During the pendency of these proceedings, Mr. Wildin is not free to use those monies in any way that might result in their transfer, loss or diminution. He may therefore not invest them in any commodity, security or fund which, though potentially productive of significant financial gain, may also result in financial loss due to fluctuations in the relevant market. As long as this case remains pending, the rate of return on Mr. Wildin's money will therefore be reduced to the level of standard bank interest rates or rates on certificates of deposit, in which his money can be placed for lower return but without risk of loss in value.
The question remains, however, whether this potential loss of investment income due to the statutory requirement that his disputed assets not be transferred is so great, and/or the plaintiff's ability to hold him harmless for any such loss if he prevails in this action is so much in doubt, that the plaintiff should be required to post a bond to protect his interests herein. For the following reasons, the Court concludes that there is, but that the degree of protection necessary is far less than that which the movant requests.
Despite the presumptive validity of the plaintiff's New York judgment, it is undeniably true that Mr. Wildin was never a party to the lawsuit in which it was rendered. Moreover, notwithstanding the plaintiff's claims as to the extensive degree to which Mr. Wildin exercised control over the corporate defendant, it has yet to present hard evidence that Mr. Wildin ever received the particular property which is the subject of this claim. Against that background, Mr. Wildin's assertion that he does not have any of the disputed assets cannot be summarily discounted; to the contrary, it must be seriously considered. If he prevails in this action, which may take up to a year to conclude if any appeal is taken from this Court's eventual CT Page 3820 judgment, he may therefore lose up to one year's investment income on his encumbered property, less any amount he can expect to receive if he puts the money in a lower-paying, no-risk investment such as a certificate of deposit. Calculating this differential at the rate of 10%, the Court concludes that the greatest amount of any pre-tax loss which he may suffer is approximately $14,000, resulting in a net, after-tax loss of approximately $10,000. A bond in any higher amount would plainly be inappropriate on the facts here presented.
The Court's final consideration in deciding this motion is whether the plaintiff has assets in Connecticut against which Mr. Wildin may seek to satisfy any judgment in his favor for losses occasioned by the prosecution of this claim. On this record, all this Court has before it is that the plaintiff is either a New York or a California partnership. There is no evidence that it is a Connecticut partnership or that it owns any property in Connecticut. Accordingly, the Court concludes that before this case proceeds, the plaintiff must post a bond in favor of William E. Wildin in the amount of $10,000, to protect him from any damages he may suffer as a result of these proceedings or any subsequent proceedings on the plaintiff's claim.
So ordered this 7th day of April, 1997.
SHELDON, J.